FLEMMON E. GLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33183, 39411. Promulgated May 15, 1930.

*George E. H. Goodner, Esq.,* and *Frederick C. Rohwerder, C. P. A.,* for the petitioner.

*W. Frank Gibbs, Esq.,* and *O. W. Swecker, Esq.,* for the respondent.

OPINION.

STERNHAGEN: Both parties agree that for the years in question, 1923, 1924, and 1925, a reasonable allowance for exhaustion, wear and tear and obsolescence of petitioner's property in the Gloyd and Ward buildings is measurable at the rate of 2½ per cent. The dispute exists as to the proper base to which the percentage rate is to be applied, the respondent having used $475,000 for the depreciable value of the entire two buildings and petitioner claiming $1,200,000 as their value, $350,000 for the Gloyd and $850,000 for the Ward. The petitioner's fractional interests were one-half in the Gloyd Building and three-fourths in the Ward Building.

The respondent's determination was arrived at by using as the depreciable base an amount representing his allocation to the buildings out of the $700,000 paid for the land and buildings at the auction sale in 1920, the theory being that although that purchase was ostensibly by the corporation, the corporation must be disregarded as a mere fictitious cloak and the purchase treated as actually that of petitioner and his brother individually. If this were correct, the petitioner's base for depreciation would be the cost of his investment, and this would be his fractional part of the cost to be attributed to the buildings exclusive of the land. How the respondent computed the allocation of the $700,000 between land and buildings does not appear.

We can not find from the evidence that the corporation was other than a vital legal entity which did in the eyes of the law buy the property for $700,000, receive deeds for it and later distribute its assets, including these properties, to its stockholders, including petitioner. Since the distribution took place May 22, 1922, the petitioner then acquired his share of the property. Upon these juristic facts, the petitioner's basis is the value of his property when received by way of liquidation and not the cost to the corporation in 1920.

The petitioner, taking the burden of proving the value of the buildings on May 22, 1922, has introduced various sorts of evidence, including the facts as to the age, nature and location of the buildings, the receipts from them and the opinions of experienced real estate dealers. As to the Gloyd Building, we are of opinion that the evidence supports the valuation claimed of $350,000, and that petitioner is entitled to deduct depreciation at the agreed rate of 2½ per cent on his one-half interest of $175,000 or $4,375.

The evidence in respect of the Ward Building supports a value of $400,000. The witnesses who gave their opinions gave too little consideration to the fixed rentals and the duration and terms of the lease. For nine years the gross rent was fixed and the owner was required to bear substantial expenses. This would undoubtedly have held the value down in 1922 below the figure which might have been arrived at if the property were economically free. The evidence does not, and perhaps could not, supply a definite figure of value in these circumstances. We think that $400,000 is a fair market evaluation of the building. Petitioner's interest was $300,000 and his depreciation deduction for each year is therefore $7,500.

The petitioner's failure to treat the effect of the liquidation correctly in his earlier returns does not affect the depreciation deduction for the years now in issue.

The deduction of $2,457.17 paid in 1925 as attorneys' fees in adjusting the corporation's tax liability is proper. *H. E. Bullock*, 16 B. T. A. 451; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036.

*Judgment will be entered under Rule 50.*